Christopher M. Green (CG-1090)
Daniel E. Holloway (DH-5254)
Lisa M. Nousek (LN-0902)
**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, New York 10504
(914) 749-8200

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHYLLIS ANDREWS, THOMAS E. MINOGUE, HERMAN H. TARNOW and JANE F. SIMS, Plaintiffs, | 07 Civ. 3368 (SCR) |
| v. | |
| ARTHUR B. MODELL, Defendant. | Oral Argument Requested |
| | Judge Stephen C. Robinson |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND THIS CASE TO THE SUPREME COURT OF THE STATE OF NEW YORK, WESTCHESTER COUNTY**

**BOIES, SCHILLER & FLEXNER LLP**
333 Main Street
Armonk, New York 10504
(914) 749-8200

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ..... ii

**PRELIMINARY STATEMENT** ..... 1

**ARGUMENT** ..... 2

I. 28 U.S.C. § 1447(d) BARS THIS COURT FROM REVIEWING THE OHIO FEDERAL COURT'S REMAND ORDER ABSENT INTERVENING CHANGES IN ESSENTIAL JURISDICTIONAL FACTS. ..... 2

II. WHILE DISTRICT COURT FINDINGS MADE INCIDENT TO REMAND ARE NOT BINDING ON A STATE COURT, CONSIDERATION OF THE IDENTICAL JURISDICTIONAL ISSUE BY A SECOND FEDERAL COURT IS PRECLUDED. ..... 4

III. MS. SIMS IS A REAL PARTY TO THE LITIGATION AND *NAVARRO* DICTATES THAT HER CITIZENSHIP AS TRUSTEE IS CONCLUSIVE. ..... 6

A. As Judge Gaughan Held, Ms. Sims Possesses the Customary Powers of a Trustee, Making Her a Real Party in Interest ..... 7

B. Ms. Sims's Appointment Should Not Be Assessed by the Test Applied in *Grassi* to a Partial Assignment of Claims. ..... 7

C. As Judge Gaughan Held, *Mecom* Bars this Court from Considering the Motive behind a Trustee's Appointment. ..... 9

IV. MS. SIMS WAS APPOINTED FOR LEGITIMATE REASONS OTHER THAN HER CITIZENSHIP. ..... 10

**CONCLUSION** ..... 10

## TABLE OF AUTHORITIES

### CASES

*Chaara v. Intel Corp.*,
410 F. Supp. 2d 1080 (D.N.M. 2005) ........................................ 3, 4

*Grassi v. Ciba-Geigy, Ltd.*,
894 F.2d 181 (5th Cir. 1990) ........................................ 6, 7, 8, 9

*JMTR Enters. v. Duchin*,
42 F. Supp. 2d 87 (D. Mass. 1999) ........................................ 8, 9

*Kircher v. Putnam Funds Trust*,
__ U.S. __, 126 S. Ct. 2145 (2006) ........................................ 4, 5, 6

*Mecom v. Fitzsimmons Drilling Co.*,
284 U.S. 183, 52 S. Ct. 84 (1931) ........................................ 1, 9

*MediSys Health Network, Inc. v. Local 348-S*,
337 F.3d 119 (2d Cir. 2003) ........................................ 4

*Minogue v. Modell ("Minogue II")*
No. 1:06CV286, 2006 WL. 1704932 (N.D. Ohio Jun. 16, 2006) ........................................ 2, 7, 10

*Napper v. Anderson, Henley, Shields, Bradford & Pritchard*,
500 F.2d 634 (5th Cir. 1974) ........................................ 6

*Navarro Savings Ass'n v. Lee*,
446 U.S. 458, 100 S. Ct. 1779 (1980) ........................................ 1, 6, 7, 8

*New Orleans Public Servc., Inc. v. Majoue*,
802 F.2d 166 (5th Cir. 1986) ........................................ 1, 2, 3

*Provident Sav. Life Assur. Soc'y v. Ford*,
114 U.S. 635, 5 S. Ct. 1104 (1885) ........................................ 7

*R.G. Barry Corp. v. Mushroom Makers, Inc.*,
612 F.2d 651 (2d Cir. 1979) ........................................ 10

*Whitman v. Raley's Inc.*,
886 F.2d 1177 (9th Cir. 1989) ........................................ 4

*Winters v. Lavine*,
574 F.2d 46 (2d Cir. 1978) ........................................ 1

## STATUTES

28 U.S.C. § 1447(c) ....................................................................................................6

28 U.S.C. § 1447(d) ...................................................................................1, 2, 3, 4, 5

Plaintiffs Phyllis Andrews, Thomas E. Minogue, Herman H. Tarnow and Jane F. Sims respectfully submit this reply in support of their motion to remand this case to the Supreme Court of the State of New York, Westchester County (the "New York state court").

**Preliminary Statement**

In his opposition to Plaintiffs' remand motion ("Opp."), Mr. Modell invites the Court to cross several lines drawn by statute and caselaw. First, Mr. Modell asks the Court to reconsider the merits of Judge Gaughan's prior remand decision even though none of the essential jurisdictional facts have changed since that decision. The only Court of Appeals to address such a reconsideration has determined that it is prohibited by 28 U.S.C. § 1447(d). *New Orleans Public Servc., Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986). Indeed, Judge Gaughan's decision should be given issue preclusive effect by this Court under the Second Circuit's holding in *Winters v. Lavine*, 574 F.2d 46, 62 (2d Cir. 1978), that "the extent of preclusion produced by a prior judicial determination of material and essential issues is not affected by the fact that the losing party could not appeal that determination to a higher court." Next, Mr. Modell asks the Court to disregard binding Supreme Court precedent holding that a trustee such as Ms. Sims is a real party in interest. *See Navarro Savings Association v. Lee*, 446 U.S. 458, 100 S. Ct. 1779 (1980). Finally, Mr. Modell asks the Court to disregard binding Supreme Court precedent precluding it from inquiring into the motives behind Ms. Sims's appointment. *See Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S. Ct. 84 (1931).

Mr. Modell proposes such extraordinary actions by the Court so that the Court might deny Plaintiffs' remand motion based only on Mr. Modell's speculation about the Trust's motives for appointing Ms. Sims as a Co-Trustee. But even if the Court were to consider the Trust's motives, Plaintiffs have identified good reasons for Ms. Sims' appointment — reasons

that Mr. Modell does not dispute, but instead ignores. The Court should decline Mr. Modell's invitation to fly repeatedly in the face of binding precedent and statutory law. The Court should remand this case to the New York state court, where it was properly filed and should be tried.

## Argument

## I. 28 U.S.C. § 1447(d) BARS THIS COURT FROM REVIEWING THE OHIO FEDERAL COURT'S REMAND ORDER ABSENT INTERVENING CHANGES IN ESSENTIAL JURISDICTIONAL FACTS.

According to Mr. Modell, the "or otherwise" language of 28 U.S.C. § 1447(d) applies only "within the confines of a single action" and does not require this Court to refrain from revisiting the question decided by U. S. District Judge Patricia Gaughan in a thirty-two page opinion issued in *Minogue II* on June 16, 2006. Opp. at 8. Mr. Modell's interpretation of the statute is at odds with the only Court of Appeals to have considered what the statute requires in circumstances analogous to those here. In *Majoue*, 802 F.2d 166, the Fifth Circuit held that a district court's remand order in one action precluded a new, substantially identical action from being brought in federal court. In that case, Majoue sued his employer, NOPSI, in state court. NOPSI removed the case to federal court, arguing unsuccessfully that Majoue's claims were pre-empted by ERISA. After remand, NOPSI brought a new case in federal court, seeking a declaration that Majoue's state claims were artfully pled claims under ERISA, and an injunction of the state court proceeding. When the district court dismissed NOPSI's case on the merits, NOPSI appealed. The Fifth Circuit held that NOPSI's lawsuit was an impermissible "attempt to seek collateral review of the district court's original order remanding the case to the state court," 802 F.2d at 166, and that the district court had no subject matter jurisdiction to dismiss on the merits. The Fifth Circuit rested its decision squarely on the "or otherwise" language of section 1447(d):

> The conclusion is thus inescapable that NOPSI's suit seeking declaratory and injunctive relief is nothing more than an artful, if not subtle, attempt to circumvent the plain language and meaning of 28 U.S.C. § 1447(d), which provides that a remand order "is not reviewable on appeal or *otherwise.*"

802 F.2d at 168 (emphasis in original).

Mr. Modell also mistakenly relies on *Chaara v. Intel Corp.*, 410 F. Supp. 2d 1080, 1092 (D.N.M. 2005) in which — unlike the present case — the essential jurisdictional facts changed between the first and second actions. In *Chaara*, U.S. District Judge Bruce Black remanded a case to state court. Plaintiff later filed a second, substantially similar, action. In the meantime, however, the plaintiff's domicile changed. *See Chaara*, 410 F. Supp. 2d at 1096-97. The two cases were consolidated, and the defendant again removed them to federal court. Newly assigned U.S. District Judge James Browning held that section 1447(d) barred him from reviewing Judge Black's prior remand order in the first case, but decided jurisdiction as to the second action on its merits — not based on a reevaluation of the same facts supporting the prior remand order, but rather on changes in the essential jurisdictional facts between the filing of the two actions.

There is no question, as Plaintiffs noted in their opening brief, that changes in the jurisdictional facts between the filing of related actions permit a court to reconsider whether removal is appropriate in the second action. *See* Memorandum in Support of Plaintiffs' Motion to Remand this Case to the Supreme Court of the State of New York, Westchester County ("Plaintiffs' Opening Brief") at 7. But as the Fifth Circuit held in *Majoue*, absent such changes — and Mr. Modell alleges no changes in *any* fact relevant to subject matter jurisdiction — section 1447(d) prohibits a district court's review of another's remand order in a prior action between the same parties concerning the same issues. *Majoue*, 802 F.2d 166.

## II. WHILE DISTRICT COURT FINDINGS MADE INCIDENT TO REMAND ARE NOT BINDING ON A STATE COURT, CONSIDERATION OF THE IDENTICAL JURISDICTIONAL ISSUE BY A SECOND FEDERAL COURT IS PRECLUDED.

Mr. Modell next argues that *MediSys Health Network, Inc. v. Local 348-S*, 337 F.3d 119 (2d Cir. 2003) is "controlling precedent in the Second Circuit that forecloses" Plaintiffs' argument that a second federal court should be precluded from reevaluating a remand order issued in a prior action with the same jurisdictional issues and the same parties. Opp. at 11. Mr. Modell is mistaken. Because the *MediSys* court held that, pursuant to section 1447(d), it lacked jurisdiction to entertain the appeal that was before it, 337 F.3d at 120, 124, any substantive determinations made by the court are dicta, not "controlling precedent" as argued by Mr. Modell.

In any event, *MediSys* does not support Mr. Modell's argument that the remand order itself should not have issue preclusive effect. The *MediSys* court simply stated that, on remand, the *state* court was not bound by the district court's findings that were "merely subsidiary legal step[s]" made for the purpose of determining subject matter jurisdiction and that "any issues that the district court decided incident to remand may be relitigated in state court." *MediSys*, 337 F.3d at 122-124. Because any substantive findings made by a district court in determining that it lacks jurisdiction over a case are necessarily dicta, these findings by definition would not have any binding or preclusive effect on the state court upon remand. *See Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2157 n.15 (2006) ("Because the Court of Appeals lacked appellate jurisdiction, its reading of the investors' litigation position is not binding in future proceedings and is open to consideration on remand."); *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1182 (9th Cir. 1989) ("The district court, having remanded for lack of federal jurisdiction, lacked jurisdiction for any substantive rulings and thus no rulings of the federal court have any preclusive effect on the substantive matters before the state court.").

In *Kircher*, 126 S. Ct. 2145, the Supreme Court determined that, though factual findings made incident to the jurisdictional determination do not bind the state courts, remand orders are "conclusive" as to other federal courts. There, the district court remanded a case to state court after finding that federal law did not preclude the state claim. On appeal, the Seventh Circuit characterized that remand order as substantive and appealable. In finding such remands jurisdictional and vacating the Seventh Circuit's judgment, Justice Souter addressed the Seventh Circuit's concern that if the remand order was "immunized from appeal by § 1447(d)," then the "major substantive issue" of federal preclusion of state law claims would "escape review." *Id.* at 2152. The Supreme Court noted that review was available in the state court, "an equally competent body" to decide preclusion issues. *Id.* at 2152, 2156. As the Court emphasized, the district court's power in granting remand "is simply its authority to determine its own jurisdiction to deal further with the case ...The work done is jurisdictional, as is the conclusion reached." *Id.* at 2155. Thus, the state court "is perfectly free to reject the remanding court's reasoning," including substantive decisions made incident to the court's completion of its only task: the determination of whether federal jurisdiction exists. *Id.* at 2156-57 ("[W]hat a state court could do in the first place it may also do on remand"). Though Mr. Modell contends that this holding "applies equally" to federal courts, the instruction makes no sense when directed against another federal court, as the remand order itself strips the federal courts of jurisdiction to make any substantive findings. Opp. at 12.

In *Kircher*, the Supreme Court made a critical distinction — that while any findings made incident to the remand decision are not binding on the state court, "*it is only the forum designation that is conclusive*." *Id.* at 2157 (emphasis added). The Court's directive that a remand decision "is conclusive" could only be aimed at the federal courts, which might be asked

to reconsider such a decision, since state courts lack the authority to determine federal jurisdiction and would never be in a position to reevaluate the federal court's "forum designation." *Kircher* is thus entirely consistent with cases such as *Napper v. Anderson, Henley, Shields, Bradford & Pritchard*, 500 F.2d 634, 636-37 (5th Cir. 1974), cited in Plaintiffs' Opening Brief at 7-13, which hold that remand orders pursuant to section 1447(c) have issue preclusive effect on federal courts that are subsequently asked to address the same jurisdictional question. Pursuant to *Kircher*, Judge Gaughan's holding that federal courts lack subject matter jurisdiction over this matter requires this Court to remand this case to the New York state court, where it was properly filed and should be tried.

## III. MS. SIMS IS A REAL PARTY TO THE LITIGATION AND *NAVARRO* DICTATES THAT HER CITIZENSHIP AS TRUSTEE IS CONCLUSIVE.

Because Judge Gaughan's order precludes review of the issue, the Court should not reach the merits of Mr. Modell's arguments. In any case, Mr. Modell merely rehashes the same arguments dismissed by Judge Gaughan that Ms. Sims is not a real and substantial party to the controversy because (1) she lacks "authentic powers" of a Trustee, and (2) her appointment was collusive. *See* Opp. at 14. Mr. Modell is wrong on both counts. Pursuant to *Navarro*, 446 U.S. 458, 100 S. Ct. 1779, Ms. Sims, who possesses substantial power to control the Trust's activities, is a real party in interest. And because she is a real party in interest, the motive behind her appointment is irrelevant. In any case, even if the Court were to inquire into that motive, the *Grassi* analysis Mr. Modell advocates is inappropriate in the trust context.

**A. As Judge Gaughan Held, Ms. Sims Possesses the Customary Powers of a Trustee, Making Her a Real Party in Interest.**

Mr. Modell argues that because the Trust Agreement permits the beneficiaries to replace Trustees and does not require Trustees to examine transactions of prior Trustees, Ms. Sims is not a real and substantial party. *See* Opp. at 14-17. Mr. Modell is incorrect. As Judge Gaughan noted, the provision permitting the beneficiaries to replace Trustees is "reminiscent of trust provisions that the *Navarro Savings* Court found unconvincing as to beneficiary control," and consideration of the citizenship of three trustees is entirely appropriate given that "the Supreme Court was willing to consider the citizenship of each of eight trustees." *Minogue v. Modell*, No. 1:06CV286, 2006 WL 1704932, at *6-7 (N.D. Ohio Jun. 16, 2006). Mr. Modell attempts to distinguish this case from *Navarro* by the different number of beneficiaries, and the fact that the Trust Agreement does not require Trustees to examine transactions entered into by former Trustees. These distinctions are not relevant, much less dispositive, and Mr. Modell cites no authority requiring or approving the consideration of such distinctions. Ms. Sims possesses the customary powers of a Trustee and is a real party in interest.

**B. Ms. Sims's Appointment Should Not Be Assessed by the Test Applied in *Grassi* to a Partial Assignment of Claims.**

Mr. Modell invites the Court to assess the appropriateness of Ms. Sims's appointment as trustee by substituting the Fifth Circuit's analysis of partial assignments of claims in *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990) for the Supreme Court's analysis of trustee appointments in *Navarro*, 446 U.S. at 465-66, 100 S. Ct. at 1784. *See* Opp. at 18-22. The Court should decline the invitation. Cases like *Grassi*, which find partial assignments insufficient to defeat diversity, are themselves an exception to controlling Supreme Court precedent that complete assignment of a claim can defeat diversity. *Provident Sav. Life Assur. Soc'y v. Ford*,

114 U.S. 635, 5 S. Ct. 1104 (1885). There is no principled basis for extending the *Grassi* exception to the arena of express trusts, where controlling Supreme Court precedent requires that the citizenship of an express trust be determined by the citizenship of its Trustees. *Navarro*, 446 U.S. at 465-66, 100 S. Ct. at 1784.

Even apart from binding Supreme Court precedent, the inapplicability of cases like *Grassi* is highlighted by the fact that two of the four *JMTR* factors Mr. Modell discusses (already selectively culled from inapposite caselaw) have little or no relevance to a Co-Trustee's appointment. *See JMTR Enters. v. Duchin*, 42 F. Supp. 2d 87, 92 (D. Mass. 1999). The first *JMTR* factor – whether an assignment is partial or total – is critical in judging a claim assignor's motive, for he has no incentive to manipulate jurisdiction if he is assigning his entire claim. Yet if he is able to manipulate jurisdiction by assigning only a small part of his claim, he has little reason not to do so. The same is *not* true in the case of a Co-Trustee appointment. The underlying Trust always retains the full economic benefit of its claim. Thus, Mr. Modell's argument that "Ms. Sims's legal interest in the trust's claim comprises significantly less than a full and undivided interest," Opp. at 21, is of no analytical help to the Court. Neither Ms. Sims nor the other Co-Trustees have any economic interest in the Trust. And Mr. Modell's argument that Ms. Sims's role as Co-Trustee is insignificant because the Andrews brothers can remove her, *id.*, is beside the point. The President of the United States can be removed from office, but that does not diminish his constitutional authority while in office. Likewise, the Andrews brothers' ability to remove Ms. Sims in no way diminishes her powers while she is a Co-Trustee.

The third *JMTR* factor – whether the assignee had any interest in the litigation before the assignment – will rarely have any relevance to the appropriateness of a Co-Trustee's appointment, because most Co-Trustees by nature have no interest in the underlying Trust's

litigation before their appointment. Finally, the two *JMTR* factors potentially relevant – whether the plaintiff's motive was to stay in state court, and whether the assignment occurred shortly before the suit was filed – are at best relevant only in the absence of any legitimate reason for the appointment. Mr. Modell's suggestion that the Court assess the appropriateness of Ms. Sims's appointment under the *Grassi* line of cases should be rejected, first, because it would violate binding Supreme Court precedent, and second, because the *Grassi* analysis is inapposite.

### C. As Judge Gaughan Held, *Mecom* Bars the Court from Considering the Motive behind a Trustee's Appointment.

In his attempt to collaterally attack Judge Gaughan's decision, Mr. Modell argues that Judge Gaughan improperly relied on *Mecom,* 284 U.S. 183, 52 S. Ct. 84. *See* Opp. at 22-25. Mr. Modell claims *Mecom* applies only where the fiduciary is appointed by state court order and that *Mecom* is thus inapposite because Ms. Sims was not appointed by a court order. Opp. at 24. Mr. Modell misreads *Mecom.* In addition to prohibiting collateral attack on a state court order, the Supreme Court in *Mecom* provided a separate and independently sufficient basis for its decision – namely, that "the motive or purpose that actuated any and all of these parties in procuring a *lawful and valid appointment* is immaterial upon the question of identity or diversity of citizenship." *Mecom*, 284 U.S. at 189, 52 S. Ct. at 87 (emphasis added). Ms. Sims was lawfully and validly appointed under New York law, and Mr. Modell makes no argument to the contrary.[1] *Mecom* thus requires this Court to consider her citizenship as a lawfully appointed trustee, whatever the motive behind her appointment.

In fact, the Supreme Court in *Mecom* addressed the appointment of a Trustee to defeat diversity jurisdiction. *Id.* at 190, 52 S. Ct. at 87 ("[I]t is immaterial that the motive for obtaining

---

[1] Though Mr. Modell claims that he "does not 'confess'" the validity of Ms. Sims's appointment, Opp. at 24, he does not dispute it either. Accordingly, he concedes its validity.

[the administrator's] appointment and qualification was that he might thus be clothed with a right to institute an action which could not be so removed on the ground of diversity of citizenship."). Given that the Court considered the citizenship of a lawfully appointed trustee even where it was "proved that the motive for the appointment was to obviate the diverse citizenship of the parties," *Id.* at 185, 52 S. Ct. at 85, this Court should consider Ms. Sims's citizenship, as a lawfully appointed Trustee — particularly since good reasons unrelated to diversity jurisdiction support the appointment.

## IV. MS. SIMS WAS APPOINTED FOR LEGITIMATE REASONS OTHER THAN HER CITIZENSHIP.

The Court should not inquire into the motivations behind the appointment of Ms. Sims. Nonetheless, Ms. Sims was appointed for good reasons, which are fully set forth in Plaintiffs' Opening Brief at 16-18, and which Judge Gaughan recognized.[2] Mr. Modell does not dispute any of these reasons, and his speculation as to other reasons does not meet the burden borne by "the removing party to establish his right to a federal forum by 'competent proof.'" *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979).

## Conclusion

Plaintiffs respectfully submit that the Court should remand this case to the Supreme Court of the State of New York, Westchester County.

---

[2] While Judge Gaughan ultimately refused to "speculat[e] further into the motive for Sims's appointment," she expressly noted that "it is not entirely clear that such an analysis would result in this Court retaining jurisdiction ... [T]he [*JMTR* test] suggested by Modell would essentially require the Court to assume the worst of plaintiffs' motives, *effectively precluding the appointment of reasonable nondiverse trustees and depriving plaintiffs of their choice of forum.*" *Minogue II*, 2006 WL 1704932, at *16 n.21 (emphasis added).

Dated: Armonk, New York
August 7, 2007

Respectfully submitted,

**BOIES, SCHILLER & FLEXNER LLP**

By: /s/ Christopher M. Green

Christopher M. Green (CG-1090)
Daniel E. Holloway (DH-5254)
Lisa M. Nousek (LN-0902)

333 Main Street
Armonk, New York 10504
(914) 749-8200

*Attorneys for Plaintiffs*

OF COUNSEL:

Neil McGinness, Esq.
McGINNESS, PAINTER & McGINNESS
Tower Press Building
1900 Superior Avenue
Suite 230
Cleveland, OH 44114
(216) 696-8440 (telephone)
(216) 696-0910 (facsimile)